**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAMES PETTUS,
                          Plaintiff,
          v.                                                  No. 06-CV-30
                                                                  (LEK/DRH)
CAPTAIN RICHARDS, Cayuga Correctional
Facility; DONALD SELSKY; THERESA
KNAPP-DAVID; and JOHN & JANE DOES,
Movement & Classification,

                          Defendants.

---

**APPEARANCES:**                          **OF COUNSEL:**

JAMES PETTUS
No. 03-R-3597
Plaintiff Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO              SENTA B. SIUDA, ESQ.
New York State Attorney General       Assistant Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

   Plaintiff pro se James Pettus ("Pettus"), an inmate in the custody of the New York State

Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §

1983 alleging that defendants, three DOCS employees as well as "John and Jane Does,"

---

   [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

violated his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1).  Presently pending are defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g) and Pettus' cross-motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket Nos. 25, 30.  For the following reasons, it is recommended that defendants' motion be granted and Pettus' cross-motion be denied.

## I.  Background

Pettus is intimately familiar with the litigation process, having filed over sixty federal actions in courts in the Second Circuit since 1999.  See U.S. Party/Case Index (visited Aug. 26, 2008) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>;  see also Pettus v. Goord, No. Civ. 04-253 (LEK/RFT), 2006 WL 2806551, at *1 n.1 (N.D.N.Y. Sept. 28, 2006) (detailing Pettus' extensive litigation history in the federal courts).  Pettus' lawsuits all appear to relate to his incarceration in DOCS facilities at various times since 1999.  The instant complaint contains four causes of action and various other allegations.  See Compl. Among those allegations are (1) filing false misbehavior reports, (2) denial of due process during his disciplinary hearings, (3) deliberate indifference to his vertigo and tinnitus (ringing in the ear), (4) psychological and physical injury, and (5) harassment and racial discrimination.

## II. Motion to Dismiss

Pettus proceeds in this action in forma pauperis (IFP).  Docket Nos. 4, 6.  Defendants seek revocation of Pettus' IFP status and dismissal of the complaint under 28 U.S.C. §

1915(g), which bars prisoners from proceeding IFP after three or more previous claims

have been dismissed as frivolous, malicious, or for failing to state a claim.  See 28 U.S.C. §

1915(g) (2006).[2]  This "three-strikes" provision contains a narrow exception which permits

suits notwithstanding prior dismissals when the prisoner is "under imminent danger of

serious physical injury."  Id.

  Pettus has already filed sixteen cases in this district, six of which are pending.[3]  The

Second Circuit has dismissed eight of Pettus' appeals because they were either "frivolous"

or "lack[ed] an arguable basis in fact or law."[4]  Further, the Eastern, Southern, and Western

Districts of New York have already barred Pettus pursuant to § 1915(g) from filing any IFP

complaints unless he is under imminent danger of serious physical injury.[5]  Thus, Pettus

---

[2] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation.  Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

[3] Pettus v. Steves, No. 08-CV-675 (LEK); Pettus v. Rosotti, No. 08-CV-883 (TJM); Pettus v. Comm'n of Parole, No. 07-CV-831 (LEK/DRH); Pettus v. LeClaire, No. 07-CV-8 (TJM/RFT); Pettus v. Atkinson, No. 06-CV-1375 (FJS/DEP); Pettus v. Corcoran, No. 06-CV-1245 (TJM/DRH); Pettus v. Ebert, No. 06-CV-996 (GLS/GHL); Pettus v. Brown, No. 06-CV-152 (NAM/DRH); Pettus v. Zimms, No. 04-CV-802 (GLS/RFT); Pettus v. Selsky, No. 04-CV-627 (FJS/DEP); Pettus v. McCoy, No. 04-CV-471 (TJM/GHL); Pettus v. Brown, No. 04-CV-450 (DNH/GJD); Pettus v.Richards, No. 04-CV-260 (NAM/GHL); Pettus v. Goord, No. 04-CV-253 (LEK/RFT); Pettus v. Greaver, No. 04-CV-228 (LEK/DRH).

[4] Pettus v. Singn, No. 05-2251 (2d Cir. Dec. 21, 2005); Pettus v. Mangano, No. 05-3048 (2d Cir. Dec. 7, 2005); Pettus v. Clarke, No. 05-1314 (2d Cir. Nov. 18, 2005); Pettus v. Zimms, No. 04-6174 (2d Cir. Oct. 3, 2005) (warning Pettus that "future filing of frivolous appeals in this Court may result in the imposition of sanctions"); Pettus v. Holmes, No. 05-1280 (2d Cir. Sept. 23, 2005); Pettus v. West, No. 05-603 (2d Cir. July 8, 2005); Pettus v. Duois, No. 04-5893 (2d Cir. Feb. 24, 2005); Pettus v. Halem, No. 01-223 (2d Cir. Jan. 28, 2002).

[5] Pettus v. Clarke, No. 05-CV-1439 (MBM), at Docket No. 5 (S.D.N.Y. Feb. 4, 2005) ("[Pettus] continues to be barred from filing any civil action in this court under the [IFP]

clearly has had at least three cases previously dismissed as frivolous or failing to state a claim.

Pettus attempts to plead facts sufficient to place him within the imminent danger exception provided by 28 U.S.C. §1915(g) which is applicable "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'" Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  Under 28 U.S.C. §1915(g), the danger must be present at the time the complaint was filed.  See Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002).  A review of Pettus' cross motion shows that he was not facing imminent danger at the time he filed his complaint in this case.

First, Pettus claims that his incarceration in a maximum security facility with "extremely violent inmates" who have the capacity to assault, rob, extort, and sexually harass Pettus, serves as an imminent danger.  Compl. at 10.  However, these assertions are insufficient to qualify for the "imminent danger" exception.  A similar contention by Pettus was rejected in a prior case:

> [w]hile maximum security prisons may be dangerous places for the very reasons that plaintiff states in his complaint, [it] . . . does not allege that he faces any specific danger . . . ; [r]ather, he speculates that he, like any other inmate at the facility, faces potential danger at the hands of other inmates. Were this Court to hold that such speculation is sufficient to satisfy the "imminent

statute while he is a prisoner, unless his allegations bring his complaint within the terms of the statute's 'imminent danger' exception"); Pettus v. Mangano, No. 05-CV-1834 (RJD), 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005) ("In light of [Pettus'] extensive history of filing meritless lawsuits . . . this Court has barred [Pettus] pursuant to 28 U.S.C. § 1915(g) from filing any [IFP] complaints unless he is under imminent danger of serious physical injury"); Pettus v. West, No. 05-CV-6006 (WMS), at *2-3 (W.D.N.Y. Jan. 21, 2005) ("[B]ecause [Pettus] has had three or more 'strikes' for purposes of 28 U.S.C. § 1915(g) and because [Pettus] has made no allegation here that he is in imminent danger of serious physical injury, the request to proceed [IFP] is hereby denied.").

danger" requirement, this Court would effectively create a blanket exception to the "three strikes" rule for all inmates of maximum security prisons.

Pettus v. Mangano, No. 05-CV-1834 (RJD), 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005).

Second, Pettus claims that his medical problems consisting of dizzy spells, vertigo, and tinnitus have placed him in imminent danger. Docket No. 30 at 5. However, there are no further allegations which detail the seriousness, frequency, or treatment for these conditions. Additionally, the only other information provided in the record was testimony from multiple corrections officers and a clerk in the medical department that, after confirming with the medical department, Pettus' doctor's appointment was not an emergency medical trip and could be postponed due to Pettus' non-compliance. T. 19-20, 28, 50, 57.[6] Thus, Pettus' conclusory allegations do not establish the presence or potential for serious physical injury. Moreover, Pettus has failed to offer sufficient facts, or allegations thereof, to establish that any of his conditions rise to the level of significant or imminent physical danger. See Davidson v. Scully, 155 F. Supp. 2d 77, 84 (S.D.N.Y. 2001) (holding that tinnitus was not a serious medical condition under the Eighth Amendment); see also Pettus v. Goord, No. 904-CV-0253 (LEK/RFT), 2006 WL 280651, at *6 (N.D.N.Y. Sept. 28, 2006) (finding that Pettus failed to establish that the conditions alleged here constituted serious medical needs under the Eighth Amendment).

---

[6] "T." followed by a number indicates a page from the transcript of Pettus' Tier III disciplinary hearing help on February 26, 2004. See Docket No. 30-3 at 77-104; Docket No. 30-4.

Last, the circumstances alleged here by Pettus and another which Pettus claims places him in imminent danger did not occur simultaneously with the filing of the instant complaint. The events pertaining to Pettus' lack of medical treatment happened prior to February 2004 when the disciplinary hearing at issue was held concerning Pettus' cancelled medical trip. Furthermore, the harassment by a corrections officer alleged by Pettus is the subject of yet another action filed in April 2004.  Both events thus allegedly occurred nearly two years prior to Pettus filing the instant complaint.  Thus, it is clear that Pettus was not facing imminent danger at the time he filed his complaint here.

Relief is not precluded by the fact that Pettus has already been granted IFP status in this action.  Docket Nos. 2, 4, 6..  When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g).  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, it is recommended that the order granting IFP status to Pettus be vacated and that Pettus' complaint be dismissed unless he pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court.  Further, because of Pettus' extensive history of filing meritless lawsuits chronicled above, it is further recommended that Pettus be precluded pursuant to 28 U.S.C. § 1915(g) from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.

### III. Pettus' Cross-Motion for Summary Judgment

On October 16, 2007, Pettus filed a cross-motion for summary judgment.  Docket No. 30.  However, in light of the recommendation herein that the complaint be conditionally dismissed, it is ordered that the cross-motion for summary judgment be denied without

prejudice to renewal if the filing fee is paid or if the district court denied defendants' motion to dismiss.[7]


## IV.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

    1. Defendants' motion to dismiss (Docket No. 25) be **GRANTED** and that:

        A. The order granting Pettus IFP status (Docket No. 4) be **VACATED**;

        2. The complaint be **DISMISSED** as to all defendants and all claims <u>unless</u> Pettus pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court; and

        3. Pettus be **BARRED** from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury; and

        4. Pettus' cross-motion for summary judgment (Docket No. 30) be **DENIED** in its entirety without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

---

[7]It also appears that defendants "John and Jane Does" have not been identified or otherwise appeared in the action.  They are, therefore, subject to dismissal without prejudice in accordance with Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b)(2).  Given the disposition recommended herein, however, this matter will not be further addressed unless Pettus pays the filing fee or the district court denies defendants' motion.

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  August 28, 2008
        Albany, New York

                                     United States Magistrate Judge